RMT:SK
F. #2017R01829

FILED
CLERK

2018 MAR 12  AM 11: 29

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

  - against -

JOSHUA PHILIPS,
    also known as "Erick Ayo Kalu,"
    "Anthony Abongile Baker" and
    "Johnson Foday Brown," and
ABDUL RASHEED YAHAYA,

          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

I N D I C T M E N T

Cr. No. CR 18 121
(T. 18, U.S.C., §§ 982(a)(1), 982(a)(2),
982(b)(1), 1349, 1956(h) and 3551 et
seq.; T. 21, U.S.C., § 853(p))

WEINSTEIN, J.

BLOOM, M.J.

THE GRAND JURY CHARGES:

## INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

Business Email Compromise and Confidence Fraud

      1.     Business email compromise is a form of cyber-enabled financial fraud. In a typical business email compromise scheme, a malicious actor compromises legitimate business email accounts through computer intrusion techniques or social engineering and uses those accounts to cause the unauthorized transfer of funds. Techniques for perpetrating these schemes include spear phishing, identity theft, spoofing of emails and websites, and the use of malware.

      2.     Confidence fraud is another form of cyber-enabled financial fraud. In a typical confidence fraud, a malicious actor befriends, and gains the confidence of, another

individual through online communications and uses that confidence to cause the transfer of funds for unauthorized purposes.

The Defendants and the Fraudulent Scheme

3. The defendant JOSHUA PHILIPS, also known as "Erick Ayo Kalu," "Anthony Abongile Baker" and "Johnson Foday Brown," was an individual living in Ellenwood, Georgia.

4. The defendant ABDUL RASHEED YAHAYA was an individual living in Riverdale, Georgia.

5. In or about and between August 2016 and December 2017, JOSHUA PHILIPS, also known as "Erick Ayo Kalu," "Anthony Abongile Baker" and "Johnson Foday Brown," and ABDUL RASHEED YAHAYA, together with others, defrauded various individuals in the United States, including individuals in the Eastern District of New York, through business email compromise and confidence fraud (the "Fraud Victims").

6. It was a part of the scheme that the defendants PHILIPS and YAHAYA obtained money from the Fraud Victims.

7. It was further part of the scheme that the defendants PHILIPS and YAHAYA unlawfully diverted Fraud Victim money for unauthorized purposes.

8. It was further part of the scheme that PHILIPS opened bank accounts at SunTrust Bank and JPMorgan Chase Bank in false names, using false and fraudulent identification documents.

9. SunTrust Bank was a bank, the deposits of which were insured by the Federal Deposit Insurance Corporation ("FDIC"). SunTrust Bank was doing business in several states, including in New York.

10. JPMorgan Chase Bank was a bank, the deposits of which were insured by the FDIC. JPMorgan Chase Bank was doing business in several states, including in New York.

## COUNT ONE
(Conspiracy to Commit Wire and Bank Fraud)

11. The allegations contained in paragraphs one through 10 are realleged and incorporated as though fully set forth in this paragraph.

12. In or about and between August 2016 and December 2017, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOSHUA PHILIPS, also known as "Erick Ayo Kalu," "Anthony Abongile Baker" and "Johnson Foday Brown," and ABDUL RASHEED YAHAYA, together with others, did knowingly and intentionally conspire:

(a) to devise a scheme and artifice to defraud the Fraud Victims, and to obtain money and property from them by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, to transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures and sounds, contrary to Title 18, United States Code, Section 1343; and

(b) to execute a scheme and artifice to defraud one or more financial institutions, to wit: SunTrust Bank and JPMorgan Chase Bank, and to obtain moneys, funds, credits, assets and other property owned by, and under the custody and control of those financial

institutions by means of materially false and fraudulent pretenses, representations and promises, contrary to Title 18, United States Code, Section 1344.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

## COUNT TWO
(Conspiracy to Commit Money Laundering)

13. The allegations contained in paragraphs one through 10 are realleged and incorporated as though fully set forth in this paragraph.

14. In or about and between August 2016 and December 2017, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOSHUA PHILIPS, also known as "Erick Ayo Kalu," "Anthony Abongile Baker" and "Johnson Foday Brown," and ABDUL RASHEED YAHAYA, together with others, did knowingly and intentionally conspire:

(a) to conduct one or more financial transactions in and affecting interstate and foreign commerce, which transactions in fact involved the proceeds of specified unlawful activity, to wit: computer intrusion, wire fraud, wire fraud conspiracy, bank fraud and bank fraud conspiracy, in violation of Title 18, United States Code, Sections 1030(a)(2), 1030(a)(4), 1343, 1344 and 1349, knowing that the property involved in the transactions represented the proceeds of some form of unlawful activity, and knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of the specified unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(1)(B)(i); and

(b) to transport, transmit, and transfer monetary instruments and funds from one or more places in the United States to one or more places outside the United

States, and from one or more places outside the United States to and through one or more places in the United States, knowing that the monetary instruments and funds involved in the transportation, transmission and transfer represented the proceeds of some form of unlawful activity, and knowing that such transportation, transmission and transfer was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of the specified unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(2)(B)(i).

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNT ONE

15. The United States hereby gives notice to the defendants that, upon their conviction of the offense charged in Count One, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(2), which requires any person convicted of such offense to forfeit any property constituting, or derived from, proceeds obtained directly or indirectly as the result of such offense.

16. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(2) and 982(b)(1); Title 21, United States Code, Section 853(p))

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNT TWO

17.    The United States hereby gives notice to the defendants that, upon their conviction of the offense charged in Count Two, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(1), which requires any person convicted of such offense to forfeit any property, real or personal, involved in such offense, or any property traceable to such property.

18.    If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any

other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(1) and 982(b)(1); Title 21, United States Code, Section 853(p))

A TRUE BILL

_____
FOREPERSON

_____
RICHARD P. DONOGHUE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F. # 2017R01829

FORM DBD-34
JUN. 85

No.

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

JOSHUA PHILIPS, also known as "Erick Ayo Kalu," "Anthony Abongile Baker" and "Johnson Foday Brown," and ABDUL RASHEED YAHAYA,

Defendants.

# INDICTMENT

(T. 18, U.S.C., §§ 981(a)(1)(C), 982(a)(1), 1349, 1956(h) and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C. § 2461(c))

*A true bill.*

_____ /s/ _____
*Foreperson*

Filed in open court this _____ day,

of _____ A.D. 20 _____

_____
*Clerk*

Bail, $ _____

*Saritha Komatireddy, Assistant U.S. Attorney (718) 254-6054*